UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORENZO SPENCER,
                                      Plaintiff,

    v.                                                                            9:22-CV-259
                                                                                (TJM/ATB)

D. CHRISTENSEN,
                                      Defendant.
_____

LORENZO SPENCER, Petitioner, pro se
RICHARD D. BELLISS, AUSA, for the Respondent

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).  Presently before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Petition ("Pet.")) (Dkt. No. 1).  Petitioner was confined to the Federal Correctional Institution ("FCI") Ray Brook, New York at the time he filed the instant petition.  According to the Bureau of Prisons ("BOP") inmate database, petitioner has since been transferred to the custody of the Residential Reentry Management ("RRM") program in New York.[1]  In seeking a writ of habeas corpus, petitioner argues that the BOP improperly recalculated his federal sentence in failing to credit him for the 51 months he spent in state custody relative to a state robbery conviction, which formed the basis for his third federal parole revocation. (Pet. at 1-3).

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited September 25, 2023).

1

Respondent has filed a response, with exhibits, to the petition. (Response ("Resp.")) (Dkt. No. 5). Respondent argues for denial of the petition, claiming that petitioner's federal sentence was properly calculated. (*Id.*) Petitioner filed a traverse. (Dkt. No. 8). For the following reasons, this court agrees with respondent and will recommend denial of the petition.

## DISCUSSION

### I.    FACTS

Petitioner was convicted and sentenced on December 3, 1981 in the Eastern District of New York on five counts, which included Bank Robbery and Theft of Government Property, in violation of 18 U.S.C. §§ 2113, 641 & 2. (Pet. at 1; Ex. 1, Dkt. No. 1 at 4). With respect to Counts One through Four, the court imposed twenty-year terms of imprisonment, to run concurrently, and made petitioner eligible for parole. (*Id.*) On Count Five, the court imposed a ten-year term of imprisonment to be served consecutive to Counts One through Four, however, five of the ten years of imprisonment were suspended. (*Id.*)

According to the evidence provided by petitioner, he was placed on federal parole sometime following his 1981 sentence. Since that time, petitioner's parole has been revoked on at least three separate occasions. (Pet. Ex. 2, Dkt. No. 1 at 5). Petitioner's third federal parole revocation hearing, which took place on March 30, 2020, forms the basis for the instant petition. (Resp. Ex. 1, Dkt. No. 5 at 6-8). This third revocation of petitioner's parole stemmed from his state arrest on August 8, 2015. (Resp. Ex. 2, Dkt. No. 5 at 9-14). On May 11, 2016, petitioner was convicted and sentenced in Queens County Supreme Court for Attempted Robbery in the Second

Degree, and sentenced to five years of imprisonment. (*Id.*, Dkt. No. 5 at 13-14). On November 15, 2019, petitioner was released by New York State Department of Corrections and Community Supervision and placed on a term of New York State parole. (Pet. Ex. 9, Dkt. No. 1 at 12-13; Resp. Ex. 3, Dkt. No. 5 at 14).

It appears that the United States Parole Commission ("USPC") executed a warrant relative to petitioner's parole violation stemming from the Queens County conviction on November 18, 2019. (Pet. Ex. 9, Dkt. No. 1 at 12). On March 30, 2020, a revocation hearing was conducted at which it was recommended that the USPC revoke petitioner's parole, and continue him to "presumptive parole" on February 8, 2022, after the service of 78 months. (Resp. Ex. 1, Dkt. No. 5 at 7). In making this recommendation, the hearing examiner noted that petitioner's reparole guideline range was 78 to 100 months. (*Id.*) The hearing examiner also stated that "[petitioner] gets 51 months credit toward his guidelines." (*Id.*)

On March 3, 2021, petitioner filed an Informal Resolution Form at Ray Brook in which he stated "I'm not being given jail credit of 51 months spent in state prison while [federal] detainer was pending." (Pet. Ex. 3, Dkt. No. 1 at 6). In a response dated the same day, a correctional counselor at Ray Brook responded that petitioner's

> Federal sentence began the day your parole violation warrant was executed (11-18-19). You were serving a state sentence during the time you want a jail credit. That time was awarded towards your state sentence.

(*Id.*)

On March 15, 2021, petitioner filed a Request for Administrative Remedy. Specifically, petitioner argued that he was "not being credited for time in confinement with a federal warrant placed on [him] while in state custody." (Pet. Ex. 4, Dkt. No. 1

3

at 7). Petitioner cited to the USPC Rules and Procedures Manual, which he argued "clearly states" that "upon revocation, credit is to be given a prisoner [sic] service of his maximum sentence for every day in federal confinement not previously credited including confinement on a warrant l[ater] withdrawn; and confinement on an improperly executed warrant, whether or not the prisoner was also in state custody." (*Id.*)

The warden denied petitioner's Request for Administrative Remedy on March 31, 2021. (Pet. Ex. 5, Dkt. No. 1 at 8). In doing so, the warden explained:

> Records show you were arrested in Queens, New York on August 8, 2015, for various offenses including Attempted Robbery 2nd Degree. On August 18, 2015, while you were in state custody, the [USPC] issued a warrant for your arrest based on these new state charges. New York State ultimately sentenced you to a term of 5 years and on November 15, 2019, the state paroled you to your federal detainer.
>
> On November 18, 2019, the Parole Commission Warrant was executed, which began the term of your federal sentence. The Designation and Sentence Computation Center (DSCC) also applied 3 days of jail credit from November 15, 2019 through November 17, 2019, towards your federal sentence.
>
> The time you request as a prior custody credit cannot be awarded towards your federal sentence as it would have been credited towards your state sentence and awarding of jail credit twice is prohibited under the law.

(*Id.*) The warden cited to 18 U.S.C. § 3585(b) and Program Statement 5880.28 as support for his decision:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense

4

>for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(*Id.*) (emphasis in original).

Petitioner ultimately appealed the warden's response to the Regional Director. (Pet. Ex. 6, Dkt. No. 1 at 9). On August 6, 2021, Regional Director English concluded that the warden "adequately addressed" petitioner's concerns, and that the "custody credit that [petitioner sought] was applied to [his] state sentence and cannot be applied to any other sentence." (Pet. Ex. 7, Dkt. No. 1 at 10). Petitioner subsequently submitted a Central Office Administrative Remedy Appeal on September 20, 2021. (Pet. Ex. 8, Dkt. No. 1 at 11). Administrator Connors denied petitioner's appeal on December 17, 2021, for substantially the same reasons as set forth in the responses to petitioner's prior complaint and appeals. (Pet. Ex. 9, Dkt. No. 1 at 12-13).

## II.     PETITIONER'S CLAIM

Petitioner asks the court to grant him a 51-month credit on his federal sentence for the period he was detained and/or incarcerated by New Yok State authorities from August 8, 2015 through November 15, 2019. (Pet. at 1-3). Respondent argues for denial of the petition, asserting that the BOP's sentence calculations are correct. For the following reasons, this court agrees with respondent and will recommend denying the petition.

### III. SENTENCE CALCULATION

#### A. Legal Standards

A federal criminal defendant's sentence formally begins when he is received into custody at the official detention facility at which his sentence is to be served. *Omoregie v. Warden*, No. 3:17-CV-00139 (JAM), 2018 WL 3432715, at *2 (D. Conn. July 16, 2018) (citing 18 U.S.C. § 3585(a)). The defendant may receive credit for time that he has previously served in detention prior to the formal commencement of his federal criminal sentence. If any such earlier detention "has not been credited against another sentence," a defendant shall receive credit for time that he has previously spent in official detention "'as a result of the offense for which the [current federal] sentence was imposed,' or 'as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.'" *Id.* (quoting 18 U.S.C. § 3585(b)).

The "'defendant has no right to credit on his federal sentence for time that has been credited against [a] prior state sentence.'" *Id.* (quoting *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998)). As respondent notes, § 3585 bars such double counting. (Resp. at 3) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992). *See Reynolds v. Warden of FCI Ray Brook*, No. 9:16-CV-1264 (TJM/TWD), 2020 WL 918766, at *1 (N.D.N.Y. Feb. 26, 2020) (petitioner is not entitled to credit against a federal sentence for time he spent incarcerated that counted towards the term of his state sentence).

B.    Analysis

Petitioner is "challenging the denial of the Federal Bureau of Prisons to credit him with fifty-one (51) months jail credit after the record clearly states . . . [he get] 51 months credit toward his guidelines." (Pet. at 2). Petitioner bases this argument on the representation made in his parole revocation hearing summary that he "get 51 months credit towards his guidelines." Petitioner also relies on his interpretation of the USPC Rules and Procedures Manual, which he argues entitles him to credit toward his federal sentence despite the fact he was also in state custody at the time. (*See generally* Pet.).

The court finds that the petitioner's reasoning is flawed. The 51 months at issue were unquestionably credited toward petitioner's state sentence, and he is not entitled to habeas relief based on any purported failure by the BOP to credit that 51 months toward his federal sentence.

Petitioner's challenge to the calculation of his federal sentence appears to be based on his misunderstanding of the federal reparole guidelines. More specifically, in challenging the determination of the term remaining on his federal sentence, petitioner is mistakenly relying on evidence relating to the USPC's March 2020 reparole determination made with respect to his third parole revocation. The USPC has adopted guidelines for reparole consideration, as outlined in 28 C.F.R. §§ 2.20 and 2.21. These guidelines indicate the customary range of time to be served before release for various combinations of offense and offender characteristics. 28 C.F.R. § 2.20(b). As relevant to this matter, the regulations also set forth that

> [t]ime served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by §§ 2.47(d) and 2.52(c) and (d).

7

§ 2.21(c).

Here, petitioner's reparole guideline range at the time of his third revocation hearing was 78-100 months based on (1) the offense behavior rating as a category six, and (2) a salient factor score of three. (Resp. Ex. 1, Dkt. No. 5 at 7). *See* § 2.20. Pursuant to § 2.21(c), examiner Vela properly found that the 51 months petitioner served in state custody relative to his state conviction should be credited toward his *reparole* guidelines. Thus, it was recommended that petitioner remain confined to a presumptive parole of February 8, 2022, after the service of 78 months. February 8, 2022 is exactly 78 months from the date petitioner was arrested for the state robbery charge which formed the basis for his third parole revocation, suggesting that examiner Vela did credit petitioner's 51 month state custody in calculating the presumptive parole date.[2] Examiner Vela further recommended that the USPC revoke petitioner's parole without crediting his time on release. (*Id.*)

Petitioner appears to have interpreted examiner Vela's statement to suggest that the 51 months he served for his state conviction should be credited toward the term remaining on his sentence. That would be specifically proscribed by the terms of § 2.21(c) ("This does not affect the computation of the expiration date of the violator term . . ."). Moreover, in this case such an application would be a violation of 18 U.S.C. § 3585(b)'s prohibition of prior custody credit being granted to a defendant who has received credit toward another sentence, such as a state sentence. There is no question that petitioner received credit for the 51 months at issue toward his state sentence, and

---

[2] The outside limit of petitioner's guideline range, 100 months, is December 8, 2023.

8

petitioner has not otherwise raised any specific challenges to the computation of his federal sentence after the March 2020 parole revocation hearing. Accordingly, the petition should be denied.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**.[3]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 26, 2023

_____
Andrew T. Baxter
U.S. Magistrate Judge

---

[3] The court does not recommend a ruling with respect to a certificate of appealability ("COA") because such a certificate is not required in the appeal of a denial under 28 U.S.C. § 2241. *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *Roukis v. United States Army*, No. 10-CV-2219, 2014 WL 6238416, at *7 (S.D.N.Y. Nov. 14, 2014) (citing *Drax, supra*). *See* 28 U.S.C. § 2253(c)(1) (listing appeals which require a COA). *Cf. Cespedes v. United States*, No. 01-CV-2249, 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit granted a COA in the appeal of a prior order in which a section 2241 action was treated as a motion under 28 U.S.C. § 2255, in which a COA is statutorily required).