UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LORENZO SPENCER,

                    Petitioner,

    -against-                                          9:22-CV-259 (LEK/MJK)

D. CHRISTENSEN,

                    Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

On March 16, 2022, Petitioner Lorenzo Spencer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition"). In the Petition, Petitioner alleges that the Bureau of Prisons ("BOP") incorrectly recalculated his federal sentence by failing to credit him for the fifty-one months he spent in state custody for a state robbery conviction. <u>See</u> <u>id.</u> at 3. Respondent D. Christensen answered the Petition on June 2, 2022, Dkt. No. 5, and Petitioner filed a traverse on July 20, 2022, Dkt. No. 8.

On September 26, 2023, the Honorable Andrew T. Baxter, United States Magistrate Judge, filed a report and recommendation recommending that the Petition be denied and dismissed. Dkt. No. 9 ("Report and Recommendation"). Neither party filed objections to the Report and Recommendation.

For the reasons discussed below, the Report and Recommendation is approved and adopted in its entirety.

**II.  BACKGROUND**

1

The Court presumes familiarity with the facts stated in the Petition, as discussed in the Report and Recommendation. See R. & R. at 2–5.

In the Report and Recommendation, Judge Baxter reviewed the parties' arguments and applicable law and concluded that "[t]here is no question that [P]etitioner received credit for the 51 months at issue toward his state sentence, and [P]etitioner has not otherwise raised any specific challenges to the computation of his federal sentence after the March 2020 parole revocation hearing." Id. at 8–9. Accordingly, Judge Baxter recommended that the Petition be denied and dismissed. See id. at 9.

Neither party filed objections to the Report and Recommendation. The Court notes that the Report and Recommendation mailed to Petitioner at his last known address at the Federal Correctional Institution at Ray Brook, New York ("Ray Brook FCI") was returned as undeliverable and unable to be forwarded. See Dkt. No. 10. The Clerk mailed a second copy of the Report and Recommendation to Ray Brook FCI, which has not been returned as undelivered since its mailing on December 15, 2023. See id.

### III.   LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Walker v. Artus, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato

2

v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.  DISCUSSION

Since no party objected to the Report and Recommendation, the Court reviews for clear error.[1] See DiPilato, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

Judge Baxter "does not recommend a ruling with respect to a certificate of appealability . . . because such a certificate is not required in the appeal of a denial under 28 U.S.C. § 2241." R. & R. at 9 n.3 (collecting cases). Upon this recommendation, the Court does not issue a certificate of appealability.

## V.  CONCLUSION

Accordingly, it is hereby:

---

[1] While the Court maintains some concern that Petitioner has not seen—and thus has not been able to object to—the Report and Recommendation, the Court is mindful of a litigant's "continuing obligation to keep the Court informed of address changes." Williams v. Lilley, No. 20-CV-999, 2023 WL 10365043, at *1 (N.D.N.Y. Aug. 8, 2023), report and recommendation adopted, No. 20-CV-999, 2024 WL 637422 (N.D.N.Y. Feb. 15, 2024); see also L.R. 10.1(c)(2) ("[P]ro se litigants must immediately notify the Court of any change of address."); L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."). As such, the Court will consider Petitioner as having waived any objections to the Report and Recommendation.

**ORDERED**, that the Report and Recommendation, Dkt. No. 9, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED and DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 7, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge